**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jorge Herberto Moreno,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-11-2290-PHX-SRB (JFM)<br><br>**Report & Recommendation On Petition**<br>**For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 21, 2011 (Doc. 1). On February 8, 2012, Respondents filed their Answer (Doc. 11). Petitioner filed a Reply on March 12, 2012 (Doc. 17). Respondents supplemented the record on August 31, 2012 (Doc. 19).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On August 19, 1999, Petitioner and Co-Defendant Abigail Gutierrez were indicted in the Maricopa County Superior Court on charges of murder and child abuse arising from the death of the minor, Joseph Gutierrez. In addition, Petitioner was

1

charged with one count of unlawful flight. (Exhibit A, Item 1, Indictment.) (Exhibits to the Answer, Doc. 11, are referenced herein as "Exhibit ___." Individual exhibits in conglomerated Exhibits A and B are referenced by exhibit and the item numbers stamped on the first page of the document.)[1] The State filed a Notice of Intent to Seek the Death Penalty (Exhibit A, Item 20), and an Allegation of Offenses Committed While Released (*id.* at Item 36).

Eventually, on June 5, 2001, on the day set for trial, Petitioner entered into a written Plea Agreement (*id.* at Item 139), wherein Petitioner agreed to plead guilty to one count of murder in the first degree, with no agreements as to sentencing. The death penalty, allegation of release, and remaining counts were dismissed, and it was agreed that any sentence upon revocation of probation in a prior case would run concurrent to the sentence.[2] Petitioner entered a change of plea on June 7, 2001. (Exhibit B, Item 140, M.E. 6/5/01.)

Thereafter, new counsel, John Mustafa, appeared (Exhibit A, Item 165), and filed a Motion to Withdraw Change of Plea (*id.*, Item 173), arguing that the factual basis did not support the offenses, and that the plea was not intelligently made. The motion was granted on the basis that the plea was based, in part, on the inclusion of a domestic violence provision in the plea whose applicable version did not apply to the facts because of the lack of any familial relationship. (Exhibit B, Item 181, M.E. 10/2/01.) However, the state moved for reconsideration on the basis that the referenced provision was

---

[1] Respondents have included some 20 separate exhibits under their Exhibit A labeled "Photostatted Instruments," and some 13 separate exhibits under their Exhibit B labeled "Minute Entries." No index to the individual documents is provided. The use of such conglomerated exhibits greatly impedes the review and referencing of the record and is strongly discouraged. For example, distinguishing primary exhibits to the Answer from exhibits to the exhibits becomes an exercise in detective work. Moreover, the conglomeration results in the presentation of the exhibits in a non-chronological order. Respondents can facilitate review by insuring each exhibit is separately labeled, and separately identified in the Answer's index of exhibits, and to the extent possible organized in a chronological or process based fashion.

[2] Co-Defendant had previously entered into a plea agreement to plead guilty to manslaughter and one count of attempted child abuse, along with a cooperation agreement. (Reply, Doc. 17, Exhibit B.)

2

unnecessary for the pled to offense, and thus was superfluous. The court agreed, and reinstated the plea. (Exhibit B, Item 193, M.E. 11/20/01.)

On March 22, 2002, Petitioner was sentenced to life with the possibility of parole after 35 years, concurrent with a probation sentence in a prior case. (Exhibit B, Item 215, Sentence.)

### C.  PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to, *see Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007), and did not file a direct appeal. (Petition, Doc. 1 at 2.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** - Five days after sentencing, on March 27, 2002, Petitioner filed a Notice of Post-Conviction Relief (Exhibit A, Item 222). Appointed counsel filed a Request for Transcripts (*id.*, Item 225), and eventually filed a motion seeking an extension of time for Petitioner to file a *pro se* petition because the inability to find a tenable issue for review (*id.*, Item 233).

On March 5, 2003, Petitioner filed his first Petition for Post-Conviction Relief. (Exhibit A, Item 239.) He filed an Amended Petition (*id.*, Item 243) on June 4, 2003, listing a host of grounds for relief, but asserting no particulars and no facts in support of any of the claims. The PCR court found Petitioner had "not raised a valid claim for relief" and dismissed the Petition. (Exhibit B, Item 247, M.E. 10/23/03.) Petitioner filed a Motion for Reconsideration (Exhibit A, Item 250), arguing his *pro se* status and lack of legal experience and resources. The motion was denied. (Exhibit B, Item 270, M.E. 6/29/05.)

Petitioner then filed a Petition for Review with the Arizona Court of Appeals (Exhibit A, Item 251), arguing that the trial court erred in granting the state's motion for reconsideration on the withdrawal of the plea. The Arizona Court of Appeals summarily

denied review on November 10, 2005. (Exhibit D, Order 11/10/05.)

Petitioner was granted an extension through January 13, 2006 to see review by the Arizona Supreme Court. (Exhibit E, Order 12/02/05.) On December 21, 2005, Petitioner filed his Petition for Review (Exhibit F), which was summarily denied by the Arizona Supreme Court on June 6, 2006 (Exhibit G).

**Second PCR Proceeding** – On April 12, 2005, during the pendency of his Petition for Review on his first PCR petition, Petitioner filed a second Notice of Post-Conviction Relief (Exhibit A, Item 262). The PCR court summarily dismissed the notice as untimely. (Exhibit B, Item 268, M.E. 6/10/05.)

**Third PCR Proceeding** – On July 10, 2006, following the Arizona Supreme Court's denial of his Petition for Review on his first PCR proceeding, Petitioner filed a third Notice of Post-Conviction Relief. (Exhibit A, Item 276.) The PCR court found the claim of ineffective assistance time barred, and while the claim of significant change in the law ordinarily would excuse an untimely filing, the change relied upon by Petitioner did not apply to his case. Accordingly, the Notice was dismissed on July 17, 2006. (Exhibit B, Item 280, M.E. 7/17/06.) Petitioner filed a Motion for Rehearing (Exhibit A, Item 281), which was ultimately denied (Exhibit B, Item 284, M.E. 9/1/6).

Petitioner was granted an extension of time to seek review, (Exhibit B, Item 292, M.E. 11/16/06), and filed his Petition for Review on January 17, 2007. (Exhibit H, Docket Case 1CA-CR 07-0045 PRPC.) Ultimately, his Petition for Review was summarily denied on October 22, 2007 (Exhibit I).

**Fourth PCR Proceeding** – On December 15, 2008, Petitioner filed his fourth Notice of Post-Conviction Relief (Supp. Exh. Doc. 19.) On January 23, 2009, the PCR court dismissed the Notice as untimely. (*Id.* at ME. 1/23/09.) The PCR court rejected each basis to avoid the time limitation, including finding that Petitioner failed to "provide any newly discovered facts." (*Id.* at 1.)

Petitioner filed a Petition for Review with the Arizona Court of Appeals, which

4

was summarily denied on March 29, 2010.  (Exhibit K, Order 3/29/10.)  Petitioner then sought review by the Arizona Supreme Court, which was summarily denied on October 21, 2010. (Exhibit L, Order 10/21/10.)

### E.  PRIOR FEDERAL PROCEEDING

On October 7, 2011, Petitioner filed a Petition for Certificate of Appealability with this Court, seeking a certificate of appealability to file a habeas petition.  (Petition, Doc. 1 at physical page 39; CV-11-1967-PHX-SRB-JRI, Doc. 1)   That Petition was denied on October 25, 2011 as premature, and unnecessary to the filing of a habeas petition.  (Petition, Doc. 1 at physical page 35; CV-11-1967-PHX-SRB-JRI, Doc. 3.)

### F.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 21, 2011 (Doc. 1).  The Petition is dated November 2, 2011.  Petitioner's Petition asserts the following four grounds for relief:

(1) that he received ineffective assistance of counsel at trial and on appeal in violation of his Fifth, Sixth, and Fourteenth Amendment rights;

(2) that there was an insufficient factual basis to support his guilty plea based on accomplice liability in violation of his Fifth, Sixth, and Fourteenth Amendment rights;

(3) that he was found guilty of an offense in violation of the *Ex Post Facto* clause of the Constitution; and

(4) that his Fifth, Sixth, and Fourteenth Amendment rights were violated when aggravating factors were found by the trial court rather than a jury.

Petitioner argues that any delinquency in filing his federal petition should be excused because he received incorrect advice from a prison paralegal that he was

required to seek a Certificate of Appealability from the District Court prior to submitting a habeas petition. (Petition, Doc. 1 at "11", physical page 31.)

**Response** – On February 8, 2012, Respondents filed their Answer (Doc. 11). Respondents argue that the Petition is untimely, the claims procedurally defaulted or procedurally barred, the claims are waived by Petitioner guilty plea, and Ground 4 is barred by *Teague v. Lane*, 489 U.S. 288 (1989) (new constitutional rules of criminal procedure generally not applicable to cases final by conclusion of direct review before new rules are announced).

**Reply** - On March 12, 2012 Petitioner filed a Reply (Doc. 17). Petitioner argues, *inter alia*, that the habeas statute of limitations was triggered with the October 21, 2010 decision by the Arizona Supreme Court. His delay of one month thereafter was not his fault (as explained in his Petition), and Petitioner has been proceeding with limited legal knowledge and resources, and his arguments are made in good faith. (Doc. 17 at 2.)

**Supplements** – Upon reviewing the record, the Court noted incomplete and missing exhibits, and ordered a supplement. (Order 8/30/12.) On August 31, 2012, Respondents supplemented the record with a complete copy of their Exhibit F, and referenced but omitted Photostated Instruments 303 (Notice of Postconviction Relief, filed 12/15/08) and 305 (Minute Entry filed 1/23/09).

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and

must be dismissed. *Id.*

### 2. Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Moreover, it is well established in the Ninth Circuit that for purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petition for a writ of certiorari from the United States Supreme Court is pending or could be sought. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir. 1999). Under U.S. Supreme Court Rule 13, Petitioner had 90 days after entry of a judgment by the Arizona Supreme Court to file a petition for writ of certiorari.

Petitioner filed his first PCR proceeding on March 27, 2002 (Exhibit A, Item 222), well within 20 days of his March 22, 2002 sentence. As a pleading defendant, that constituted an "of-right" proceeding, and thus was a form of direct review.

The Arizona Supreme Court denied review in that proceeding on June 6, 2006 (Exhibit G). Thus, that proceeding remained "pending" until 90 days later, on Tuesday, September 5, 2006, when the time to seek certiorari review with the U.S. Supreme Court expired. Accordingly, absent statutory or equitable tolling, his Petition filed in

7

November, 2011 was untimely by more than five years.

**Change in the Law** – While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide an exception for changes in the law. Section 2244(d)(1)(C) provides that the period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's Ground 4 arguably asserts a change in the law based upon the decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Here, Petitioner's sentence was entered on March 22, 2002, at least before the decision in *Blakely*. However, as discussed above, Petitioner's conviction and sentence did not become final until September 5, 2006, long after both *Apprendi* and *Blakely*.

Moreover, the later date for changes in the law would apply only if *Apprendi* and/or *Blakely* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that *Apprendi* was not retroactively applicable on habeas review, under the retroactivity standards established by *Teague v. Lane*, 489 U.S. 288, 308 310 (1989) (decisions establishing new rules of criminal procedure are not to be applied retroactively on habeas review, absent certain circumstances). *Similarly, in Cook v. U.S.*, 386 F.3d 949, 950 (9th Cir. 2004), the Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively applicable on habeas. Accordingly, the decisions in *Apprendi* and *Blakely* do not delay the commencement of Petitioner's one year limitations period.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2).   Such tolling only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

**Third PCR Proceeding** - Petitioner's third PCR proceeding was commenced on July 10, 2006 on the filing of his third Notice of Post-Conviction Relief (Exhibit A, Item 276).[3]  *See Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 9/13/04) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice.")  At that time, the limitations period had not yet commenced running, although it did commence shortly thereafter, on September 5, 2006.  That proceeding remained pending until his Petition for Review was denied on October 22, 2007 (Exhibit I).

Although a portion of his notice was dismissed as untimely, and thus would not have been "properly filed," his claim of a change in the law (albeit fatally flawed because the change was inapplicable to Petitioner), did qualify under for delayed presentation.  *See* Ariz. R. Crim. Proc. 32.1(g) ("change in the law that if determined to apply…would probably overturn") and 32.4(a) ("notice not timely filed may only raise claims pursuant to Rule 32.1…(g)")  Thus, the PCR court's rejection of it must be deemed to have been on its merits, not because the claim itself was barred.

Thereafter, Petitioner's one year commenced running on October 23, 2007, and barring further tolling, expired on October 22, 2008.

**Fourth PCR Proceeding** - Petitioner's Fourth PCR proceeding was not commenced until some 54 days after the one year expired, when his Fourth Notice of Post-Conviction Relief (Supp. Exh, Doc. 19) was filed on December 15, 2008.  Once the

---

[3]  Petitioner's second PCR proceeding was commenced on April 12, 2005, during the pendency of his Petition for Review on his first PCR petition, and was summarily dismissed the notice as untimely on June 10, 2005, while the first proceeding remained pending.  The limitations period had not yet commenced running at that time, and accordingly, no tolling resulted.  In any event, the proceeding was dismissed as untimely, and therefore was not "properly filed." *Pace*, 544 U.S. 408.

9

habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Under the prison mailbox rule, filings are deemed "filed" at the time they are delivered to prison officials for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003). However, even if it is presumed that Petitioner delivered his fourth PCR notice to prison officials on the date it is dated, December 11, 2008 (Supp. Exh, Doc. 19, PCR Not. at 3), and it is deemed filed as of that date, it was still "filed" after the limitations period was expired.

Moreover, that proceeding was terminated when the Arizona Supreme Court summarily denied review on October 21, 2010. (Exhibit L, Order 10/21/10.) Petitioner did not commence the instant proceeding until over a year later, when he filed the instant federal habeas Petition on November 11, 2011. (Doc. 1.) Even if the prison mailbox rule were deemed to apply to the Petitioner, and it were deemed delivered to prison officials and thus "filed" as of its date, November 2, 2011 (*id.* at 11, physical page 31), it was still delinquent by more than three years after his one year expired.

Finally, statutory tolling only applies to "state proceedings," *see Duncan v. Walker,* 533 U.S. 167 (2001), and thus Petitioner's Petition for Certificate of Appealability to this court would not have resulted in any statutory tolling.

Accordingly, Petitioner has not shown adequate statutory tolling to make his Petition timely.

**4.  Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.

2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

**Bad Advice on Certificate of Appealability** - In his Petition, Petitioner argues that his delay should be excused because he had been misadvised to seek a certificate of appealability from the District Court before filing his habeas petition. That Petition for Certificate was dated September 22, 2011. All of the documents Petitioner provides surrounding that petition were from September, 2011. Petitioner offers nothing to suggest that he had been misadvised at any time significantly earlier than September, 2011. At that date, Petitioner's one year had already been expired for almost two years.

Moreover, Petitioner's simple reliance on bad advice is not an extraordinary circumstance beyond petitioner's control. In *Holland v. Florida*, 560 U.S. - - - , 130 S.Ct. 2549, 2554 (2010), the Court reiterated that "a garden variety claim" of even attorney negligence would not justify equitable tolling. Here, Petitioner was not relying upon counsel, but upon a non-attorney. And, he offers nothing to show that the erroneous advice was anything other than a "garden variety" error or negligence.

In addition, equitable tolling will delay the expiration of the statute of limitations, but it will not start it running anew. *See Benge v. U.S.,* 17 F.3d 1286, 1289 (10th Cir. 1994). Petitioner's limitations period had already expired at the time of his misadventure with the certificate of appealability.

**Pro Se Status** - Finally, Petitioner's Reply points to his *pro se* status and lack of

11

legal training and resources as cause for equitable tolling. A prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). Nor does Petitioner show that his disabilities have precluded a timely filing. Despite those disabilities, Petitioner has prosecuted on his own some four separate PCR proceedings, as well as the instant habeas proceeding. There is nothing to suggest that those disabilities had anything to do with the years which have elapsed without a federal filing by Petitioner.

The undersigned finds no basis for equitable tolling.

**5. Actual Innocence**

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

**6. Summary**

Petitioner's conviction became final on conclusion of direct review on September 5, 2006, on the expiration of his time to seek certiorari review in his "of-right" PCR proceeding. The limitations period was statutorily tolled from that time until October 23, 2007 by his third PCR proceeding. It expired one year later, on October 23, 2008. Petitioner's state and federal proceedings after its expiration do not revive the expired period, nor do his assertions of equitable tolling show any circumstance existing during the limitations period that would have precluded a timely filing, or any circumstance that would constitute an extraordinary circumstance justifying equitable tolling.

Based on the foregoing, the undersigned concludes that Petitioner's Petition is barred by the statute of limitations.

**B. OTHER DEFENSES**

Respondents argue procedural default, procedural bar, waiver, and *Teague*. Because the undersigned finds the Petition plainly barred by the statute of limitations, these defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

13

its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed November 21, 2011 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*,

328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 5, 2012

_____
James F. Metcalf
United States Magistrate Judge

11-2290r RR 12 08 28 on HC.docx