**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Herberto Moreno,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV11-2290-PHX-SRB<br><br>**ORDER** |

    Petitioner Jorge Herberto Moreno filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on November 21, 2011, challenging his March 22, 2002 conviction for First Degree Murder. Petitioner's conviction occurred as a result of a guilty plea. Petitioner states that the grounds raised are 1) denial of effective assistance during prior petition, 2) significant change in the law, 3) due process and equal protection violation during PCR review, and 4) accomplice liability. His petition contains no elaboration of the grounds raised. Instead, Petitioner attaches to his petition various state court documents submitted during his various Petitions for Post-Conviction Relief. Respondents answered the petition on February 8, 2012 requesting that the petition be denied, in part, because the petition was untimely. Petitioner filed his reply on March 12, 2012.

On September 6, 2012, the Magistrate Judge issued his Report and Recommendation recommending that the petition be dismissed with prejudice because the petition is barred by the statute of limitations.  The Report and Recommendation details the various proceedings in state court on post-conviction relief and shows that Petitioner's conviction became final on conclusion of direct review on September 5, 2006.  The Magistrate Judge also concluded that the limitations period was statutorily tolled from September 5, 2006 until October 23, 2007 by the pendency of Petitioner's Third Petition for Post-Conviction Relief which raised the claim of a change in the law. At best Petitioner's one-year period within which to file a federal petition began to run on October 23, 2007 and expired on October 22, 2008. As the Magistrate Judge concluded, absent equitable tolling of the one-year statute of limitations provided in 28 U.S.C. § 2244 the petition must be dismissed with prejudice because it is untimely.  The Magistrate Judge also analyzed the question of equitable tolling and found no basis for equitable tolling. The Magistrate Judge recommended both that the petition be dismissed with prejudice and that a certificate of appealability be denied.

Petitioner filed timely written objections on September 20, 2012. None of those objections point to any error in the Report and Recommendation's analysis of the expiration of the statute of limitations. Petitioner briefly mentions actual innocence by stating as follows: "Grounds I thru III revolve around the illegal plea agreement that is a clear violation of Petitioners (sic) right protected by the United States Constitution proving that it would open the actual innocence decision made by the Ninth Circuit." This statement is insufficient to raise a claim of actual innocence that would relieve Petitioner of the bar of statute of limitations.

IT IS ORDERED overruling Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

1    IT IS FURTHER ORDERED that a certificate of appealability is denied because
2 jurists of reason would not find it debatable whether this Court was correct in its procedural
3 ruling.

5    DATED this 12th day of October, 2012.

_____
Susan R. Bolton
United States District Judge